IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE JOHNSON,<br><br>        Plaintiff,<br><br>  vs.<br><br>CITY OF LOVES PARK, OFFICER ERIC MEADORS #0821, SERGEANT BRIAN MARTIN #0748, OFFICER NICHOLAS MASTROIANNI #0767, OFFICER DAN JOHNSON #0824, and OFFICER AARON JOHNSON #0829,<br><br>        Defendants. | No. 14 CV 02694<br><br>Judge Sara L. Ellis |

**DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a) AND FOR AN ENLARGEMENT OF TIME**

NOW COMES, Defendants, CITY OF LOVES PARK, SERGEANT BRIAN MARTIN #0748, OFFICER NICHOLAS MASTROIANNI #0767, OFFICER DAN JOHNSON #0824, and OFFICER AARON JOHNSON #0829, by and through their attorneys, PETERSON, JOHNSON & MURRAY – CHICAGO LLC, and for their Motion to Transfer and for and Enlargement of Time to Answer or Otherwise Plead to Plaintiff's Complaint as follows:

   1. Plaintiff has sued multiple defendant officers from the City of Loves Park for alleged constitutional violations that occurred during a traffic stop in Loves Park on May 23, 2013. The City of Loves Park is located in the Western Division of the Northern District of Illinois. Curiously, Plaintiff chose to bring this matter in the Eastern Division, which has no relation to the events that took place or the parties.

   2. The Western Division of Illinois is comprised of Boone, Carroll, De Kalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago Counties.

See, http://www.usmarshals.gov/district/il-n/general/area.htm. Loves Park is located in Winnebago County, Illinois.

3. Plaintiff filed her complaint in this matter on April 15, 2014 in the Northern District of Illinois, Eastern Division. (Doc. No. 1). As stated, all of the events giving rise to this Complaint occurred in Loves Park, which is in the Western Division of the Northern District of Illinois.

4. Upon information and belief, Plaintiff resides in the Rockford area, which is located In the Western Division of the Northern District of Illinois. The Defendant officers are all located in the Western Division, as well. Other than the offices of counsel, the Eastern Division has no connection to this matter or the parties thereto.

5. The applicable code is 28 U.S.C. § 1404(a) and states in pertinent part,

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or *division* where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a)(emphasis added).

6. The decision about whether to transfer a case to another venue is discretionary. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986); see also 28 U.S.C. § 1404(a). However, when a party moves for transfer, that party bears the burden of establishing that the transferee venue is more convenient. *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F.Supp.2d 941, 946 (N.D. Ill. 2002). The Court should only transfer a case under Section 1404(a) when: (1) venue is proper in the transferor district; (2) venue is proper in the transferee district; (3) the transfer will serve the convenience of the parties and witnesses; and (4) the transfer will serve the interests of justice. See *Gueorguiev v. Max Rave, LLC*, 526 F.Supp.2d 853, 856 (N.D. Ill. 2007).

7. In evaluating the convenience of the parties and witnesses, courts weigh the following factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative

ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *Allied Van Lines*, 200 F.Supp.2d at 946 (N.D. Ill. 2002). In considering the interests of justice, courts weigh additional factors, including: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue. *Id*.

8. Here, the convenience of the litigants and witnesses heavily weighs in favor of a transfer to the Western Division. Here, the Plaintiff's choice of forum should be afforded minimal deference because this suit has no relationship to the Eastern Division. Further, the scene of the material events, the sources of proof, the convenience of the witnesses, and the convenience to the parties of litigating warrants the transfer of this matter because they are all located in the Western Division, i.e. Loves Park.

9. Moreover, the undersigned seeks additional time to answer or otherwise plead. The summons in this matter were issued on April 17, 2014 and mailed thereafter. The undersigned seeks and additional 21 days to file an answer or affirmative defenses on behalf of these Defendants.

10. This motion is not brought for dilatory purposes, but rather to provide time to investigate the allegations and properly respond.

WHEREFORE, Defendants, CITY OF LOVES PARK, SERGEANT BRIAN MARTIN #0748, OFFICER NICHOLAS MASTROIANNI #0767, OFFICER DAN JOHNSON #0824, and OFFICER AARON JOHNSON #0829, respectfully pray, that this Court transfer this matter to the Western Division, for 21 days from the date of ruling on this motion to answer or otherwise plead, and for any other relief that this Court deems necessary and just.

Respectfully Submitted,

CITY OF LOVES PARK, SERGEANT BRIAN MARTIN #0748, OFFICER NICHOLAS MASTROIANNA #0767, OFFICER DAN JOHNSON #0824, and OFFICER AARON JOHNSON #0829

By: s/Dominick L. Lanzito
One of Defendants' Attorneys

Paul O'Grady
Patrick S. Wall
Dominick L. Lanzito
PETERSON, JOHNSON & MURRAY CHICAGO LLC
200 West Adams Street – Suite 2125
Chicago, Illinois 60606