# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| MICHELLE JOHNSON<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF LOVES PARK *et al.*<br><br>  Defendants. | Case No: 14-cv-02694<br><br>JUDGE: REINHART<br>MAGISTRATE: JOHNSTON |

## PLAINTIFF'S TO ENFORCE SETTLEMENT AGREEMENT

NOW COMES the Plaintiff, MICHELLE JOHNSON, by and through her attorney, Blake Horwitz, Esq., of The Blake Horwitz Law Firm, LTD., and respectfully requests this Court enter judgment against the Defendants and allow a Citation to Discover Assets to issue immediately thereafter against all Defendants. In support, Plaintiff states the following:

1. On April 8, 2016, the parties agreed to a settlement of this cause for $350,000.00.

2. Part of the agreement was that a check to be sent to Plaintiff within 30 days. This agreement was made over the telephone between Plaintiff and Defense counsel (Exhibit A). The parties represented to magistrate Judge Johnston that the this cause settled[1].

3. Defense counsel represented, via e-mail, that the payment would be made with a "30" day turn around, which is dependant on the "lien issue" and when the release is executed and that "We can't issue a check until we have the lien issues figured out

---
[1] Dkt No. 81: MINUTE entry before the Honorable Iain D. Johnston: Plaintiff's counsel has contacted the Court to report that the case has settled. The settlement conference set for 5/23/2016 and settlement letter deadlines are stricken.

and until we are sufficiently protected. I will put a release together and I will send it next week." (Exhibit B). This e-mail was also sent on April 8, 2015 (30 days ago).

4. All liens have been resolved. Plaintiff's counsel has sent a list of all lien holders to Defense counsel and Plaintiff's counsel has communicated with all lien holders and has resolved all issues regarding all the liens to be asserted in connection with the settlement of this cause. Notwithstanding, Defense counsel refuses to tender a release for the settlement of this cause.

5. As Defendants are in breach of the settlement agreement, Plaintiff moves for this Court to enforce the settlement agreement by way of an entry of a judgment for $350,000.00 against all remaining Defendants with a Citation to Discover assets to be filed against all remaining Defendants immediately after entry of judgment.

6. Oral settlement agreements are enforceable if "there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement." *Wilson v. Wilson*, 46 F.3d 660, 663-64 (7th Cir. 1995). Although lack of agreement on minor, immaterial terms will not spoil an otherwise valid settlement, the agreement must reflect a "meeting of the minds" as to each material term. *Higbee v. Sentry*, 253 F.3d 994, 997 (7th Cir. 2001). And like any contract, the material terms must be "definite and certain." *City of Chicago v. Ramirez*, 366 Ill. App. 3d 935, 852 N.E.2d 312, 324, 304 Ill. Dec. 62 (Ill. App. Ct. 1st Dist. 2011). *Artuk, Inc. v. AKT Corp., No. 13 C 3811*, 2014 U.S. Dist. LEXIS 108793, at *13 (N.D. Ill. Aug. 7, 2014). Finally, "whether a 'meeting of the minds' occurred depends on the parties' objective conduct, not their subject beliefs." *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007).

7. In the instant case, there was an oral agreement followed up with e-mails and representations to the magistrate that the case has settled. Therefore there is a binding contract. *Wilson v. Wilson*, 46 F.3d 660, 663-64 (7th Cir. 1995).

8. Defendants have represented to Plaintiff that they are not able to send a release to Plaintiff until they can be assured that Plaintiff has not received benefits through Medicare. Plaintiff has repeatedly assured Defendants that Plaintiff has not received benefits through Medicare and in fact, Plaintiff has not received benefits through Medicare. A condition that Plaintiff confirm the non-existence of a benefit amounts to an immaterial term, *Higbee v. Sentry*, 253 F.3d 994, 997 (7th Cir. 2001), and should not hold up the entry of a judgment.

9. The case was settled on April 8, 2016. One month later, Defendants have failed to tender a release and/or honor a 30 day window to tender a check. Defendants have not provided a date upon which they will tender a release. Plaintiff has repeatedly asked Defendants to tender a release and they refuse to do so.

10. This Court may remember the facts and underlying video that supports Plaintiff's cause of action. This Court entered an order denying Defendant's Motion for Summary Judgment, in part. The Court viewed the video and noted the clear abuses perpetrated by the Defendant Officers. Perhaps the Defendants were simply trying to avoid the specter of a jury trial given the obvious misconduct perpetrated by the Defendant officers. Regardless, the time has come to finalize the transaction.

11. Plaintiff asks that this Court enter a judgment order for $350,000.00 and that a Citation to Discover assets be allowed to be served upon the Defense counsel to this cause (as agents for the Defendants) for hearing 10 days after this Court enters

judgment. Plaintiff prays that this Court allow the Citation to Discover Assets to be lodged against all pending Defendants.

12. Plaintiff also prays that Plaintiff's counsel be granted attorney fees for having to prosecute this matter pursuant to 28 U.S.C. 1927 for the multiplication of the proceedings in connection with the resolution of this matter.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion

Respectfully submitted,

**s/ Blake Horwitz**
Attorney for the Plaintiff

Blake Horwitz, Esq.
**The Blake Horwitz Law Firm, LTD.**
111 W. Washington, Suite 1611
Chicago, IL 60602
Phone: (312) 676-2100
Fax: (312) 445-8741